**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | CV 16-1324-PHX-SRB (MHB) |
|---|---|---|
| Plaintiff, | ) | CR 07-0539-PHX-SRB |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Victor Allen Amos, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Defendant/Movant Victor Allen Amos, who is represented by counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (CV 16-1324 ("CV") Doc. 1 and CR 07-0539 ("CR") Doc. 54.) Plaintiff United States of America (the "government") filed a Response, and Movant has filed a Reply. (CV Docs. 6,7.)

**BACKGROUND**[1]

According to the pleadings, Movant had multiple convictions in the Arizona and Illinois state courts for a variety of crimes, including, an attempted rape in Illinois, assorted robberies and armed robberies in Illinois, possession of narcotic drugs for sale in Arizona, and facilitation of robbery in Arizona. (CV Doc. 6 at 2 (citing to PSR ¶¶ 30-37); CR Doc. 46 at 7.) Following these convictions, in 2006, Movant possessed a semi-automatic pistol in

---

[1]   The following facts are derived from the government's response, exhibits and attachments submitted thereto, Movant's pleadings, as well as, the other documents set forth in this matter's civil and criminal record.

1   violation of federal law. He was charged and convicted of Felon in Possession of a Firearm,

2   in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and 3559(a)(3).

3        The record reflects that Movant initially agreed with the government to a ten-year

4   stipulated sentence, but following the preparation of the PSR, the Court deferred acceptance

5   of the plea agreement until the parties could determine whether the Armed Career Criminal

6   Act ("ACCA"), 18 U.S.C. § 924(e), predicates would automatically enhance the statutory

7   maximum. (CR Doc. 58 - RT 03/31/2008 at 6.) The parties ultimately concluded that the

8   ACCA predicates would enhance the sentence, and in an effort to keep the sentencing

9   bargain, the Assistant U.S. Attorney worked with defense counsel to propose to the Court a

10  plea to two counts of a lesser firearms offense, but ultimately the Court expressed concern

11  that such a plea could not be effectuated under the Guidelines. (CR Doc. 59 - RT 04/28/2008

12  at 19-20.) Prior to setting the trial, the parties reworked the original plea agreement to

13  provide notice of the increased statutory maximum and minimum under the ACCA, and the

14  Court held a combined change of plea and sentencing in May 2008. (CR Doc. 57 - RT

15  05/19/2008.)

16       At sentencing, and as contemplated by the revised plea agreement, Movant's sentence

17  (and the maximum and mandatory minimum ranges for the offense) was statutorily enhanced

18  by the ACCA. The Court accepted the stipulation of the parties and imposed the mandatory

19  minimum sentence of 180 months of incarceration (CR Doc. 45), with credit for time served

20  dating back to his arrest date of May 10, 2007. (CV Doc. 6 (citing to PSR at 1).)

21       In the § 2255 Motion, Movant alleges that his sentence was rendered unlawful by the

22  Supreme Court's recent decision in Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551

23  (2015). Specifically, Movant claims that in the wake of Johnson, he no longer has three

24  qualifying prior convictions under the ACCA. Movant argues that the Court should grant his

25  § 2255 motion and resentence him to a term of imprisonment of not more than 10 years, to

26  be followed by a term of supervised release not more than 3 years.

27       In its Response, the government contends that the Court should address the merits of

28  Movant's claim, and argues that the 1975 attempted rape, the 1995 possession of narcotic

drugs for sale, and either the 1988 armed robbery or the 2002 facilitation of robbery convictions constitute valid predicates under the ACCA. As such, the government asserts that the Court should deny relief in this matter.

## DISCUSSION

In <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), the Supreme Court examined language from the ACCA, which provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). There are three "clauses" in the statute defining what type of prior crime qualifies as a "violent felony":

• The "elements" or "force" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another";

• The "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives" and

• The "residual" clause: "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

<u>See</u> 18 U.S.C. § 924(e)(2)(B). The Supreme Court held that imposing an increased sentence under ACCA's residual clause violates the Due Process Clause because the residual clause is impermissibly vague on its face. Because no "principled and objective standard" could identify what crimes fell under the language of the residual clause, the Supreme Court held that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." <u>Johnson</u>, 135 S.Ct. at 2557. In so doing, the Court overruled its decisions in <u>James v. United States</u>, 550 U.S. 192 (2007), and <u>Sykes v. United States</u>, 564 U.S. 1 (2011), in which it had previously rejected vagueness challenges to the residual clause. <u>See Johnson</u>, 135 S.Ct. at 2563.

The <u>Johnson</u> Court explicitly noted that its decision "does not call into question application of the [ACCA] to ... the remainder of the Act's definition of a violent felony." 135 S.Ct. at 2563. This includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. §

1   924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use

2   of explosives," 18 U.S.C. § 924(e)(2)(B)(ii). Johnson, 135 S.Ct. at 2563.

3        According to the documents set forth in this Court's record, Movant had previously

4   been convicted of the following drug offenses in Arizona: possession of narcotic drugs for

5   sale and possession of narcotic drugs. Movant has also been convicted of the following

6   offenses that were considered as "violent felonies" for ACCA purposes:

7           a.     Illinois robbery, on May 2, 1975;

8           b.     Illinois attempted rape, on May 9, 1975;

9           c.     Illinois armed robbery, on October 26, 1979;

10          d.     Illinois armed robbery, on October 31, 1988; and

11          e.     Arizona facilitation of robbery, on February 4, 2002.

12  (CV Docs. 1,6 (citing to PSR ¶¶ 30-37); CR Doc. 46 at 6-7.)

13       The Court notes that the parties agree that Movant's 1975 conviction for Illinois

14  attempted rape qualifies as a "violent felony" under ACCA. The parties also agree that

15  Movant's 1995 conviction for Arizona possession of narcotic drugs for sale amounts to a

16  "serious drug offense" under ACCA. Thus, Movant agrees with the government that the

17  validity of his ACCA-enhanced sentence depends on whether the 1988 Illinois armed

18  robbery conviction or the subsequent Arizona facilitation of robbery conviction qualify as

19  "violent felonies" under the ACCA. This Court will focus on the 1988 Illinois armed robbery

20  conviction.

21       The government states that Movant was convicted and incarcerated for a string of

22  crimes in Illinois prior to his arrival in Arizona, and argues that the 1988 Illinois armed

23  robbery conviction, in particular, "is fully supported outside the four corners of the PSR, as

24  the information in the PSR matches references to this crime in the criminal history

25  assessment in the Arizona trafficking conviction."

26       Illinois armed robbery at the time of Movant's offense in 1987 required the following

27  elements:

28

> Armed robbery is defined by statute as a robbery committed while one "carries on or about his or her person, or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1985, ch. 38, par. 18-2.) Robbery is the taking of "property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1985, ch. 38, par. 18-1.

People v. Ortiz, 509 N.E. 2d 633, 635 (Ill. App. 1987); see People v. Brooks, 559 N.E. 2d 859, 862 (Ill. App. Ct. 1990), abrogated on other grounds, People v. Williams, 599 N.E. 2d 913 (Ill. 1992).

In [Curtis] Johnson v. United States, 559 U.S. 133 (2010), the Supreme Court clarified what constitutes a "violent felony" under the elements or force clause of the ACCA. The district court in Johnson imposed an additional sentence based on defendant's three prior "violent felony" convictions, one of which was for felony battery under Florida law. The Florida statute provided that "a battery occurs when a person either '[a]ctually and intentionally touches or strikes another person against his [will],' or '[i]ntentionally causes bodily harm to another person.'" Id. at 136-37. In reversing, the Supreme Court stated that the phrase "physical force" as used in the force clause of the ACCA "means violent force – that is, force capable of causing physical pain or injury to another person." Id. at 140-41. Applying the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990), the Court, relying on the Florida Supreme Court's interpretation of state law, held that because the Florida felony offense of battery could be committed by actually and intentionally touching another person, by any physical contact, no matter how slight, battery was not a "violent felony" under the ACCA.

Unlike the Florida battery statute at issue in [Curtis] Johnson, armed robbery under Illinois law is not a crime that can be accomplished any intentional physical contact – "no matter how slight." In evaluating the elements of the Illinois statute, Movant was convicted of armed robbery, which at that time provided: Robbery is the taking of "property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1985, ch. 38, par. 18-1. Armed robbery is defined by statute as a robbery committed while one "carries on or about his or her person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat. 1985, ch. 38, par. 18-2. Accordingly, the elements

of armed robbery clearly included the use, attempted use, or threatened use of physical force against the person of another and would qualify as a "violent felony" or "crime of violence" under the elements or force clause – even under [Curtis] <u>Johnson</u>. District courts have previously concluded that a conviction for armed robbery under this same language constitutes a crime of violence. <u>See</u> <u>United States v. Caverl</u>, 2016 WL 3024042 (D. Minn. 2016) (holding Illinois armed robbery to be an ACCA predicate under <u>United States v. Dickerson</u>, 901 F.2d 579, 584 (7th Cir. 1990)); <u>Adams v. United States</u>, 2016 WL 4487835 (C.D. Ill. Aug. 25, 2016) (finding that the elements of both robbery and armed robbery include the use, attempted use, or threatened use of physical force against the person of another and qualify as a "violent felony" or "crime of violence" under the elements clause of the ACCA); <u>Mosley v. United States</u>, 2017 WL 67600 (S.D. Ill. Jan. 6, 2017) (finding Illinois robbery is a crime of violence under the ACCA). Furthermore, the Seventh Circuit analyzing this same statutory language has repeatedly held that robbery as defined by Illinois law is a crime of violence. <u>See</u> <u>United States v. Watson-El</u>, 376 F. App'x 605, 608 (7th Cir. 2010) (holding robbery under Illinois law is a violent felony under the ACCA); <u>Dickerson</u>, 901 F.2d at 584 (holding that a conviction for robbery under Illinois law is a crime of violence under the elements clause of the ACCA); <u>see also</u> <u>United States v. Smith</u>, 2016 WL 5867263, at *1 (7th Cir. Oct. 7, 2016) (noting previous holdings that a conviction for robbery under Illinois law is a crime of violence under the elements clause of USSG § 4B1.2 and similarly worded statutes); <u>United States v. Bedell</u>, 981 F.2d 915, 916 (7th Cir. 1992) (discussing why a conviction for robbery under Illinois law is a crime of violence under USSG § 4B1.2); <u>United States v. Carter</u>, 910 F.2d 1524, 1532 (7th Cir. 1990) (holding that in Illinois, robbery is a crime of violence under the USSG "because it is defined as the taking of property 'by the use of force or by threatening the imminent use of force'"); <u>United States v. Templeton</u>, 543 F.3d 378, 380 (7th Cir. 2008) ("Section 924 – a section of the ACCA – defines 'violent felony' in the same way as § 4B1.2 defines 'crime of violence,' and we interpret § 4B1.2 in the same way as § 924(e).").

Movant's relies on <u>United States v. Parnell</u>, 818 F.3d 974 (9th Cir. 2016) stating that under Illinois law, armed robbery can be committed using the minimal amount of force required to overcome slight resistance and, as such, it does not qualify as a "violent felony" under the ACCA. The Court is not persuaded. In <u>Parnell</u>, the Ninth Circuit held that a Massachusetts armed robbery statute criminalizing "any force, however slight ... so long as the victim is aware of it" did not qualify as a crime of violence, as it could entail even purse snatching. <u>Id.</u> at 979.

The minimal force requirement set forth in the Massachusetts armed robbery statute illustrated in <u>Parnell</u> is far less than the strictures of the Illinois robbery statute at issue – and as interpreted by the Seventh Circuit and the various district court's analyzing the same statutory language. Accordingly, the Court finds that Illinois armed robbery is a crime of violence and, as such, Movant's 1988 armed robbery conviction is an ACCA predicate.

Thus, the Court finds that Movant's 1975 conviction for Illinois attempted rape, Movant's 1995 conviction for Arizona possession of narcotic drugs for sale, and Movant's 1988 conviction for Illinois armed robbery are all valid predicates under the ACCA. Movant is not entitled to any relief.

**CONCLUSION**

Having determined that Movant's claim is meritless, the Court will recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (CV Doc. 1 and CR Doc. 54) be **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of January, 2017.

Michelle H. Burns
United States Magistrate Judge