**NOT FOR PUBLICATION**


**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Allen Amos, | No. CV-16-01324-PHX-SRB |
| Movant, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

The Court now considers Movant Victor Allen Amos's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Mot.") (Doc. 1). The matter was referred to a Magistrate Judge for a Report and Recommendation. The Magistrate Judge filed her Report and Recommendation recommending that the Motion be denied. (Doc. 8, Report and Recommendation ("R. & R.").) She further recommended denying a certificate of appealability because Movant had not made a substantial showing of the denial of a constitutional right. (*Id.* at 20.) Movant filed his objections to the Report and Recommendation. (Doc. 9, Obj. to R & R.) Having reviewed the record de novo, the Court sustains Movant's objections and grants the Motion.

## I.  BACKGROUND

The background of this case was summarized in the Report and Recommendation:

> Movant had multiple convictions in the Arizona and Illinois state courts for a variety of crimes, including, an attempted rape in Illinois, assorted robberies and armed robberies in Illinois, possession of narcotic drugs for sale in Arizona, and facilitation of robbery in Arizona. (CV Doc. 6 at 2 (citing to PSR ¶¶ 30-37); CR Doc. 46 at 7.) Following these convictions, in 2006, Movant possessed a semi-automatic pistol in violation

of federal law. He was charged and convicted of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and 3559(a)(3).

The record reflects that Movant initially agreed with the government to a ten-year stipulated sentence, but following the preparation of the PSR, the Court deferred acceptance of the plea agreement until the parties could determine whether the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), predicates would automatically enhance the statutory maximum. (CR Doc. 58 - RT 03/31/2008 at 6.) The parties ultimately concluded that the ACCA predicates would enhance the sentence, and in an effort to keep the sentencing bargain, the Assistant U.S. Attorney worked with defense counsel to propose to the Court a plea to two counts of a lesser firearms offense, but ultimately the Court expressed concern that such a plea could not be effectuated under the Guidelines. (CR Doc. 59 - RT 04/28/2008 at 19-20.) Prior to setting the trial, the parties reworked the original plea agreement to provide notice of the increased statutory maximum and minimum under the ACCA, and the Court held a combined change of plea and sentencing in May 2008. (CR Doc. 57 – RT 05/19/2008.)

At sentencing, and as contemplated by the revised plea agreement, Movant's sentence (and the maximum and mandatory minimum ranges for the offense) was statutorily enhanced by the ACCA. The Court accepted the stipulation of the parties and imposed the mandatory minimum sentence of 180 months of incarceration (CR Doc. 45), with credit for time served dating back to his arrest date of May 10, 2007. (CV Doc. 6 (citing to PSR at 1).)

In the § 2255 Motion, Movant alleges that his sentence was rendered unlawful by the Supreme Court's recent decision in Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015). Specifically, Movant claims that in the wake of Johnson, he no longer has three qualifying prior convictions under the ACCA. Movant argues that the Court should grant his § 2255 motion and resentence him to a term of imprisonment of not more than 10 years, to be followed by a term of supervised release not more than 3 years. In its Response, the government contends that the Court should address the merits of Movant's claim, and argues that the 1975 attempted rape, the 1995 possession of narcotic drugs for sale, and either the 1988 armed robbery or the 2002 facilitation of robbery convictions constitute valid predicates under the ACCA. As such, the government asserts that the Court should deny relief in this matter.

(R. & R. at 1-3.)

On May 3, 2016, Movant filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Mot at 1.) In his Motion, Movant raised two arguments: (1) that his 1988 Illinois armed robbery conviction does not qualify as a violent felony under the force clause of the ACCA and (2) that his 2000 Arizona facilitation of robbery conviction does not qualify as a violent felony under the force

clause. (Mot. at 4-7.)[1] The Report and Recommendation concluded that the Illinois crime of robbery is a violent felony and therefore Mr. Amos had been convicted of three predicate offenses and his conviction ought not be overturned. (R. & R. at 4-7.)

## II.    LEGAL STANDARD AND ANALYSIS

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need only review those portions objected to by a party, meaning a court can adopt without further review all unobjected-to portions. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Movant brings this action pursuant to 28 U.S.C. § 2255. (Mot. at 1.) Movant concedes that his prior convictions for attempted rape and possession of narcotic drugs constitute two of the three predicate offenses required for the mandatory ACCA enhancement. (*Id.* at 5; Obj. to R. & R. at 2.) Movant argues, however, that the other two predicate offenses on which the Government relies are not violent felonies under the ACCA, and therefore his sentence should be overturned. (Mot. at 4-7.) The Government argues that it is clear that the Illinois armed robbery statute qualifies as a violent felony and that although there is no Ninth Circuit precedent on the Arizona non-aggravated robbery statute, it is arguably a violent felony as well. (Doc. 6, Gov't Resp. in Opp'n to Mot ("Resp. to Mot.") at 7-12.) The Court will consider the offenses in turn.

### A.    Illinois Armed Robbery Statute

Movant argues that the Illinois crime of armed robbery is not a violent felony because Illinois only requires use of force sufficient to overcome "slight resistance." (Mot. at 4-5.) The Government argues that Illinois requires more than minimal force and therefore qualifies as a crime of violence. (Resp. to Mot. at 7-9.) To determine whether a state statute of conviction meets the ACCA's definition of "violent felony," a court must

---

[1] Neither party argues that either crime qualifies under the enumerated offenses clause of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (enumerating burglary, arson, and extortion).

apply the categorical approach announced by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (en banc). We review de novo whether a state statute of conviction is a categorical match to the definition of "violent felony." *See id.* at 846. Under *Taylor*'s categorical approach, a court determines whether a prior conviction under a state statute qualifies as a "violent felony" conviction under the ACCA by looking "only to the fact of conviction and the statutory definition of the prior offense," not to the facts underlying the conviction. *Id.* at 847 (quoting *Taylor*, 495 U.S. at 602). A violation of a state statute is categorically a "violent felony" under the ACCA "only if the [state] statute's elements are the same as, or narrower than," those included in the ACCA's definition of "violent felony." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In identifying the elements of a state statute, a court considers the language of the statute and judicial opinions interpreting it. *Rodriguez–Castellon v. Holder*, 733 F.3d 847, 853 (9th Cir. 2013); *United States v. Bonat*, 106 F.3d 1472, 1475–76 (9th Cir. 1997).

The magistrate judge erred by concluding that the Illinois armed robbery statute constitutes a violent felony under the ACCA. "A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. 1985, ch. 38, ¶ 18-1. Armed robbery is defined by statute as a robbery committed while one "carries on or about his or her person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2. "While the mere act of swiftly taking property from a victim's hands does not constitute robbery, when the slightest degree of force is used the act may constitute robbery." *People v. Hay*, 840 N.E.2d 735, 741 (Ill. App. Ct. 2005). Illinois has upheld a conviction of robbery on force as minimal as blocking the path when the victim did not feel threatened. *See, e.g.*, *People v. Nance*, 2014 IL App (1st) 123143, ¶ 20 (Sep. 18, 2014) ("[A] reasonable finder of fact could conclude defendant and the woman jointly effected the taking of Soria's wallet by using force in excess of merely swiftly taking it from her purse in her hand. That Soria did not feel threatened by the brief blockage of her path does not change that

the woman, defendant's accomplice, applied force to Soria's back in conjunction with defendant kneeling in front of her to affect the taking of her wallet."); *see United States v. Parnell*, 818 F.3d 974, 979 (9th Cir. 2016) (concluding that because any force, "however slight," will satisfy the force element of a Massachusetts robbery statute, the force requirement was insufficient to constitute a violent felony under *Johnson*). The Illinois robbery statute can include conduct that would not be included under the force clause. *United States v. Dixon*, 805 F.3d 1193, 1197–98 (9th Cir. 2015) ("Because *Anderson* shows that one can realistically violate CPC § 211 in a manner that is not covered by the ACCA's definition of 'violent felony,' a violation of CPC § 211 is not categorically a 'violent felony' under the ACCA."). *Johnson* requires that "physical force" used must be "*violent* force," or "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). The Court is not persuaded by the Government's or Magistrate Judge's reliance on *United States v. Dickerson*, which held that the Illinois robbery statute constituted a violent felony under the ACCA, because in so holding, the Seventh Circuit relied on the fact that the Illinois law required the use of force without analyzing the amount of force required and relied on the actual circumstances of the defendant's crime instead of the elements of the charge. 901 F.2d 579, 584 (7th Cir. 1990) ("We agree with the district court that the Illinois robbery statute in its own terms includes the elements of either 'use of force or . . . threatening the imminent use of force,' that clearly come within the scope of 18 U.S.C. § 924(e)(2)(B)" and "the circumstances of Dickerson's own crime reflect elements of use or threatened use of physical force"). Because Illinois' armed robbery statute only adds the element of carrying a dangerous weapon while committing the robbery, it does not further raise the amount of force required. Therefore, the Court concludes that the Illinois crime of armed robbery does not categorically constitute a violent felony for ACCA purposes.

## B.     Arizona Facilitation of Robbery Statute

In his Objection Movant requested that the Court consider his argument regarding

this crime in his original Motion as the Magistrate Judge did not rule on this ground. (Obj. to R. & R. at 3.) The Government did not address this argument in its Response to the Objections, but the Court will consider its original response which argued that even non-aggravated robbery in Arizona requires force "of such a nature to show that it intended to overpower the party robbed." (*See* Doc. 10, Resp. to Obj. to R. & R.; Resp. to Mot. at 11-12.) "A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property." Ariz. Rev. Stat. Ann. § 13-1902. "'Force' means any physical act directed against a person as a means of gaining control of property." Ariz. Rev. Stat. Ann. § 13-1901(1). "A person commits facilitation if, acting with knowledge that another person is committing or intends to commit an offense, the person knowingly provides the other person with means or opportunity for the commission of the offense." Ariz. Rev. Stat. Ann. § 13-1004(A).

As the Government concedes, there is no case law analyzing whether the Arizona robbery statute is categorically a violent felony. A violent felony, which is not specifically enumerated, requires the use, attempted use, or threated use of physical force against another. 18 U.S.C. § 924(e)(2)(B)(i). First, the "physical force" used must be "*violent* force," or "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140 (emphasis in original). Second, the use of force must be intentional, not just reckless or negligent. *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010); *see also Leocal v. Ashcroft*, 543 U.S. 1, 12–13 (2004). Arizona's statute criminalizes a person who threatens or uses "any physical act directed against a person as a means of gaining control of property" "with intent to either coerce surrender of property or to prevent resistance to such person taking or retaining property." *See* Ariz. Rev. Stat. §§ 1901-1902. While Arizona's statute clearly requires intent, the use of "any physical act" does not require sufficient force under *Johnson*—"force capable of causing

physical pain."[2] Therefore, the Court concludes that Arizona's robbery statute does not constitute a violent felony for purposes of the ACCA.

**III. CONCLUSION**

Because the Court concludes that Movant's convictions under Illinois' robbery statute and Arizona's robbery statute do not qualify as ACCA predicate offenses, the Court sustains Movant's Objections to the Magistrate Judge's Report and Recommendation and grants the Motion. The Court further vacates Movant's sentence and orders resentencing. *See, e.g.*, *Grisel*, 488 F.3d at 852.

**IT IS ORDERED** sustaining Movant's Objections to the Report and Recommendation of the Magistrate Judge.

**IT IS FURTHER ORDERED** granting Movant Victor Allen Amos's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1).

**IT IS FURTHER ORDERED** resentencing Movant within 60 days of the date of this Order.

Dated this 30th day of May, 2017.

Susan R. Bolton
United States District Judge

---

[2] Furthermore, it is unlikely that facilitation of robbery would be a lesser included offense of robbery under Arizona law. *C.f. State v. Harris*, 655 P.2d 1339, 1340 (Ariz. Ct. App. 1982) ("A.R.S. § 13–1004, gives the prosecuting attorney the option to charge a person as an aider and abettor under that statute rather than as a principal in the substantive offense."). A conviction as a facilitator is different than as an accomplice, who "aids, counsels and agrees to aid or attempts to aid a person in planning or committing the offense, [and] also provides the means or opportunity to another to commit the offense." *Id.* 1340 at n.2.